The opinion of the Court was delivered by
Dunkin, Oh.
On 7th October, 1848, Eranldin Branch, by deed of that date, conveyed to Andrew Wilson certain slaves, in trust, (among other things) “ for the sole use of Margaret Gaines, not subject to the debts of her present or any ’future husband, to be held to her sole and separate use during her natural life, and subject to her disposal at her death, by will, or otherwise.” On 23d August, 1856, Margaret Gaines, by an instrument purporting to be her last will and testament, after referring to her power under the deed and in pursuance of said power, disposed of the slaves, and appointed the plaintiff *421 executor thereof. Sbe soon after departed this life. This bill was filed against the husband and other parties, and prayed the direction of the Court in the premises. The decree of the Circuit Court declared that Margaret Gaines took an absolute estate in the slaves, and that the same was distributable as in case of intestacy. From this judgment an appeal has been taken upon grounds set forth in the brief.
It has long been well settled that a gift or grant to a person indefinitely, with a general power of appointment, vests an absolute estate in the donee or grantee. Such estate might not pass by the direct gift, but the superadded power of disposition authorizes an implication which enlarges the estate. If the power be not general, as if by will only, the implication does not arise. See Bentham vs. Smith, Chev. Eq. 33. Nor will the Court imply an absolute estate when'the interest of the donee is expressly limited to a life estate. An implication will not arise in derogation of the terms of the gift. The rule may now be regarded as well established that a gift to the donee for life with a general power of appointment passes Only a life estate to the donee, and that the power of appointing the succession or inheritance must be exercised in order to be effectual. See Beck vs. Aaron, (decided at this Court.) In Pulliam vs. Byrd, 2 Strob. Eq. 134, the principal proposition had been fully considered and authoritatively recognized.
It remains only to apply these principles to the case before us. The legal title to the slaves was in the trustee, Andrew 'Wilson, with a usufruct in Margaret Gaines, to her sole and separate use, during her natural life, and a power to dispose of the slaves at her death, by will or otherwise. It is not • necessary to restrict the natural interpretation of these general expressions. She had the power to dispose by will, by donatio causa mortis, or by deed reserving her life interest. She has attempted to execute the power. In Clarke vs. McKenna, Chev. Eq. 163, it is held that where in the instrument creating the *422 power there is no limitation as to tbe mode of exercising it, tbe wife may appoint in any form by wbicb tbe estate, according to its nature, could be legally transferred. Tbe act of tbe wife derives its authority and efficacy from tbe instrument creating tbe power. As is justly remarked in tbe decree of tbe Circuit Chancellor, “ a feme covert, or an infant, may become tbe depository of such powers, and may execute them, provided they be possessed of sufficient mental capacity.”
In tbe judgment of this Court tbe power of appointment or disposal, vested in Margaret Gaines by tbe deed of 7th October, 1848, was well executed by the instrument of 23d August, 1856.
It is ordered and decreed that tbe decree of tbe Circuit Court be reversed, and that tbe plaintiff, John H. "Wilson, proceed in tbe discharge of tbe duties of bis trust; and that tbe defendants be enjoined from further proceedings in tbe Court of Ordinary. Each party to pay their own costs, those of tbe plaintiff to be paid out of the trust estate.
Johnston, Daegan and Waedlaw, CC., concurred.

Decree reversed.